DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| LUNA MUSIC, LLC d/b/a AQUA SOUNDS STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE INSURANCE SERVICES, INC. and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON <br><br> Defendants. <br> _____ | 1:20-cv-00002 |

TO: Lee J. Rohn, Esq.
     Douglas L. Capdeville, Esq.
     Gregory Lee Mast, Esq.
     Paul R. Neil, Esq.

**ORDER**

THIS MATTER is before the Court upon Luna Music, LLC d/b/a Aqua Sounds Studio, Inc.'s Motion for Reconsideration of Order Denying as Moot Motion for Reconsideration of Order Granting Motion to Appoint Umpire (ECF No. 32), Certain Underwriters at Lloyd's, London's response (ECF No. 33), and Luna Music's reply (ECF No. 34).

Luna Music argues that the Magistrate Judge erroneously declined to consider its motion for reconsideration because it had filed a timely objection and appeal of its order granting appointment of an umpire (ECF No. 32 at 1). In addition, Luna Music noted that it conducted research whether a pending motion to reconsider tolled the time to object and appeal to an order in the Third Circuit but could not locate caselaw. *Id*. at 2.

Underwriters respond that under Local Rules of Civil Procedure 7.3, the Magistrate Judge's order denying reconsideration as moot due to the filing of an objection and appeal of the order granting appointment of umpire does not rise to the level of manifest injustice (ECF No. 33 at 2). In addition, Underwriters assert that Luna Music uses the extraordinary remedy of reconsideration as a substitute for appeal and another bite at the apple. *Id.* at 3.

Luna Music replies that Underwriters should be judicially estopped from first arguing that arbitration should be handled before appointment of an umpire, and then taking the opposition position (ECF No. 34 at 3). Luna Music then echoes the reasons, stated in its initial motion for reconsideration, about why the Court erroneously appointed an umpire. *See generally id*; *see generally* ECF No. 25.

As a preliminary matter, courts in other circuits have found that "during the pendency of a motion for reconsideration before a magistrate judge, the time for filing an objection to the District Judge is tolled." *Norex Petroleum Limited v. Access Industries, Inc.*, No. 02 Civ.1499 LTS KNF, 2003 WL 21872389, at *1 (S.D.N.Y. Aug. 7, 2003); *see also Tomlinson v. Allstate Indemnity Co.*, Civil Action No. 06-617, 2007 WL 404698, at *2 (E.D. La. Feb. 1, 2007). A federal court in Georgia has noted that "[t]he Federal Rules do not address whether motions to reconsider toll the deadline for objecting to a Magistrate Judge's order, but courts have held that the deadline is tolled, and this Court is persuaded by their reasoning." *Manhattan Construction Company v. Phillips*, Civil Action File No. 1:09-CV-1917-WSD-AJB, 2011 WL 13214354, at *4 (N.D. Ga. July 29, 2011).

Although Luna Music notes that it could not find caselaw in the Third Circuit as to whether the filing of a motion for reconsideration tolls the time to file an objection and

appeal, a plethora of persuasive authority exists for this proposition. That the undersigned found moot the filing of a motion for reconsideration around the same time that Luna Music filed an objection and appeal cannot be deemed manifest injustice under LRCi 7.3. Even if the undersigned's finding that an objection and appeal mooted a motion for reconsideration constituted manifest injustice, LRCi 7.3 does not contemplate that Luna Music may file a second motion for reconsideration.

  A sister court in the Third Circuit grappled with a similar situation in which a party moved for reconsideration of an order granting in part reconsideration. *Mars, Inc. v. Coin Acceptors, Inc.*, Civil Action No. 90-49 (JCL), 2006 U.S. Dist. LEXIS 75650, at *1 (D.N.J. Oct. 17, 2006). The party moved for reconsideration under Local Civ. Rule 7.1(I), and the court found that although the party "view[ed] no limit to the number of times one party or the other may, by motion, request the court to reconsider, [f]ortunately this is not the way Local Civ. Rule 7.1(I) is written or should be interpreted." *Id.* at *1.

  Under LRCi 7.1(a), equivalent to the local rules of our sister court,

> Only a motion, a response in opposition, and a reply may be served on counsel and filed with the Court; further response or reply may be made only by leave of Court obtained before filing (counsel will be sanctioned for violation of this limitation).

LRCi 7.1(a). Reading the plain language of LRCi 7.1(a), the undersigned is persuaded by our sister court in the Third Circuit that the number of times a party may move to reconsider is limited and LRCi 7.1 "is [not] written or should be interpreted" otherwise. *Mars, Inc.*, 2006 U.S. Dist. LEXIS 75650, at *1.

  Mostly importantly, the undersigned's discretion to modify or reconsider an interlocutory order like an order appointing an umpire is limited by the law of the case

doctrine. *See Lemmons v. Georgetown University Hospital*, Civil Action No. 04-705, 241 F.R.D. 15, 21-22 (D.D.C. 2007). The law of the case doctrine is subject to the admonition that when parties have litigated for a court's decision, they should not be required, nor permitted without good reason, to litigate once again. *See id.* at 21-22.

Here, the Court does not find good reason to permit Luna Music to litigate the order appointing an umpire and the order denying reconsideration once again.

WHEREFORE, it is now hereby **ORDERED**:

Luna Music's Motion for Reconsideration of Order Denying as Moot Motion for Reconsideration of Order Granting Motion to Appoint Umpire (ECF No. 32) is **DENIED**.

ENTER:

Dated: December 21, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE